UNITED STATES DISTRICT COURT

for the

District of New Jersey

Civil Division

Civil Docket No. _____

David V. Alston,

Plaintiff

vs

Susan D. Wigenton

Individually and in her official capacity as NJ District Court Judge,

Defendant

## JURISDICTION

I. Plaintiff claims federal jurisdiction pursuant to Article III Section 2, which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit pursuant to Title 42 Section 1983 for Refusal to Vacate Void Judgements after failing to prove jurisdiction in a Rule 60(b)(4) Motion, Conspiracy Against 14th Amendment Due Process of Law, Deprivation of 14th Amendment Due Process of Law under the Color of Law, acting in the clear absence of all jurisdiction.

1.

III. David Alston is a natural person residing at 11 Mt. Airy Rd., #5, Bernardsville, Somerset County, New Jersey.

IV. Defendant is a District Court Judge presiding at NJ District Court, 50 Walnut Street, Newark, Essex County, New Jersey.

## STATEMENT OF THE CASE

Plaintiff David Vincent Alston now moves to sue NJ District Court Judge Susan D. Wigention as a private individual for monetary damages for civil rights violations comitted outside of her judicial capacity in the clear absence of all jurisdiction.

FEDERAL RULE of CIVIL PROCEDURE 12(b)(1), Lack of Subject Matter Jurisdiction, is the clear absence of all jurisdiction. Rule 12(b)(1) is the point at which a Judge in a controversy is required to explicitly determine that the Court lacks jurisdiction, the capacity to proceed any further in hearing and adjudicating a case.

Jurisdiction is the power of a Court to adjudicate a matter. In other words, the Judge has no capacity to even act as a Judge in the clear absence of all jurisdiction. Rule 12(b)(1) completely divests a Judge of any judicial capacity, whatsoever, to function as a Judge. Thus, Rule 12(b)(1) literally bars a Judge from adjudicating on the merits. A Court must have jurisdiction to enter a valid, enforceable judgement on a claim. Where jurisdiction is lacking, litigants, through various procedural mechanisms, may retroactively challenge the validity of a Judgement. Plaintiff Alston has since motioned in the Court under Rule 60(b)(4) to be granted mandatory relief from two void adjudications on the merits, a motion that Judge Wigenton denied after failing, in the denial letter, to either raise or to prove any judicial immunity under Rule 12(b)(1), or any capacity of hers as a Judge to adjudicate on the merits under Rule 12(b)(1). And so, empirically, Judge Wigenton has indeed attested in the denial letter to illegally acting in the clear absence of all jurisdiction against Supreme Court

2.

law. Thus, this lawsuit for monetary damages.

NJ District Court Judge Susan D. Wigenton is not entitled to any judicial immunity from suit in the controversy of Alston v. Kean (2013) because, in the clear absence of all jurisdiction under this rule has she judicially acted and, to this day, continues to judicially act against Plaintiff David V. Alston under Rule 12(b)(1), the only rule under which she dismissed Plaintiff Alston's case with prejudice, and is now therefore civilly liable to David Alston in this civil suit for violations of his civil rights, specifically for conspiracy in cahoots with Kean University and the 3rd Circuit against his due process of law, deprivation of due process of law under the color of law in cahoots with the 3rd Circuit on behalf of Kean University, and refusal to vacate void judgements after failing to prove her jurisdiction under Rule 12(b)(1) in a Rule 60(b)(4) motion to vacate, again, all in the clear absence of all jurisdiction under Rule 12(b)(1).

Judicial immunity protects Judges from liability for monetary damages in civil court, for acts they perform pursuant to their judicial function. A judge generally has immunity from civil damages if he or she had jurisdiction over the subject matter in question. This means that a judge has immunity for acts relating to cases over which the court has jurisdiction, but not for acts relating to cases over which the court has no jurisdiction. And so in the controversy of Alston v. Kean (2013), a case over which the District Court of New Jersey had no jurisdiction and therefore had to dismiss the case under Rule 12(b)(1) on June 4, 2013, Judge Wigenton lost her judicial immunity herein, from being sued as a private person for monetary damages from the above mentioned date to the present.

A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts. Davis v Burris, 51 Ariz 220 (1938)

3.

Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction, even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction.
  Gregory v Thompson, 500 F2d 59 (C.A. Ariz. 1974)

When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process, even though his act involved a decision made in good faith that he had jurisdiction. State use of Little v U.S. Fidelity and Guaranty Co., 217 Miss. 576

On June 4, 2013, in the controversy of Alston vs Kean, District Court Judge Susan D. Wigenton dismissed Plaintiff David Alston's case, Docket No. 13-309, filed under Title 42, Section 1983, with prejudice under Rule 12(b)(1), for Lack of Subject Matter jurisdiction. THE DISTRICT COURT "CANNOT" DISMISS with PREJUDICE under RULE 12(b)(1) BECAUSE BY DEFINITION, IT LACKS JURISDICTION OVER THE CLAIM! Cox, Cox, Filo, Camel, and Wilson, L.L.C. v. Sasol N. Am., Inc., 2013 (5th Cir. May 24, 2013)  The 3rd Circuit always buried their heads in the sand, and so failed to ever address or acknowledge this indisputable question of common law that Plaintiff Alston always presented whenever he appealed, as to whether a dismissal for lack of subject matter jurisdiction should be with prejudice. The 3rd Circuit only chanted that Kean University could not be sued under Section 1983. And that was it, without any judge ever addressing the Rule 12(b)(1) dismissal of Alston's claim being an adjudication on the merits. And so technically, the 3rd Circuit has failed to ever opine on any of Alston's appeals during an entire two-year long appeals process, because they know that Judge Wigenton is guilty of treason against the United States Constitution and refuse to get themselves smeared in any way, such as being contrary to the 5th Circuit in Cox, for example. No court at any level can dismiss with prejudice under Rule 12(b)(1) once the court determines that it lacks subject matter jurisdiction, the power to hear the case.

4.

Again, quoting the 5th Circuit in Cox, "This case presents the question whether, under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss a claim with prejudice to the merits of that claim. We hold that it may not, and therefore VACATE and REMAND. A dismissal with prejudice is a final judgement on the merits. Accordingly, to dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it. Our precedent does not sanction the process, and we will not do so here." Cox, Cox, Filo, Camel, and Wilson, L.L.C. v. Sasol N. Am., Inc., 2013 (5th Cir. May 24, 2013)

Today, in the clear absence of all jurisdiction under Rule 12(b)(1), Lack of Subject Matter Jurisdiction, does Susan Wigenton continue to illegally preside over Alston vs Kean, continuing to deny Plaintiff David Alston his constitutional mandatory relief from void judgements that he rightfully won in October of 2015 when he motioned in the District Court under Rule 60(b)(4) to Vacate Void Judgements. With no jurisdiction, Judge Wigenton had no discretion to deny the motion, because relief from any judgement rendered without jurisdiction is mandatory. There will never be a statute of limitations for me to fight against these void judgements and be granted relief from the same. "Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction." Piper v. Pearson (1872)

Wigenton declares that she yet has discretion to refuse to vacate these judgements that are indeed void because the 3rd Circuit affirmed her denial of mandatory relief. This is not at all true. The truth is that the 3rd Circuit never affirmed the denial. Everything is all in writing. The 3rd Circuit has never ascribed absolute immunity to Judge Wigenton in any Opinion. They know better. The 3rd Circuit actually has yet to acknowledge the truth that they know and understand, that Judge Wigenton has been acting in the clear absence of all jurisdiction in Alston v. Kean from day one to the present. The 3rd Circuit has yet to knowingly attest to any judgements being rendered under

5.

Rule 12(b)(1), Lack of Subject Matter Jurisdiction, in the denial of Alston's mandatory relief. The Appellate Court instead cops out and lies on Plaintiff Alston in the third person in the Opinion, saying that Alston declares that Wigenton's Judgements are erroneous, as they did when he appealed the denial of his Rule 60(b)(4) motion. The appellate court bails out in what is never at all an Opinion, and continues to disrespectfully speak evil of Plaintiff Alston in the 3rd person before finally affirming Wigenton's Title 18, Sections 241 and 242 crimes. For two years straight, the 3rd Circuit has never taken responsibility in any of their Opinions to respectfully and intelligently address any indisputable questions of law respectfully and intelligently presented by Plaintiff Alston. For two years straight the 3rd Circuit has never written an intelligent Opinion that ever addressed any of Alston's indisputable questions of law. In other words, Judge Wigenton has a conspiracy against Plaintiff Alston with the attorneys for Kean and the especially with all of the 3rd Circuit. We should call it, "The 3rd Circuit Conspiracy".

In 2013 Alston, a Kean student at the time, was wrongfully suspended for libel per se and therefore sought justice in the district court and filed his case under Title 42, Section 1983, in which schools are not people that can be sued. And so, this generated the function of lack of subject matter jurisdiction in which Wigenton now had to explicitly determine that her Court lacked any jurisdiction to hear Alston vs Kean (2013). Such a Rule 12(b)(1) determination also generated a mandatory dismissal without prejudice, freeing up Plaintiff Alston to refile his case. But Wigenton had already conspired with Jeffrey Moryan, the attorney for Kean, to deprive Alston of his 14th Amendment due process of law, and therefore illegally dismissed Alston with prejudice to prevent him, under the color of law, from rightfully returning to the District Court to refile his case and receive justice. Wigenton even prepared written Orders in favor of the defendants and also dismissed Alston under Rule 12(b)(6)

in the clear absence of all jurisdiction. Jurisdiction is required to preside over the oral argument that I attended, and to have a defendant motion to dismiss under Rule 12(b)(6). Without subject matter jurisdiction a Judge cannot adjudicate, not even based on personal jurisdiction.

Knowing his 14th Amendment rights, Alston refiled his case anyway under the 14th Amendment and Wigenton, under Rule 12(b)(1), again, in the clear absence of all jurisdiction, dismissed Alston's rightly refiled case as moot. And because of the 3rd Circuit Conspiracy, it would defeat the purpose for the Court of Appeals to be compliant, impartial, and respectful toward Alston, in the appeals process because they are working together with Jeffrey Moryan and Susan Wigenton to deprive Plaintiff Alston of his 14th Amendment due process of law, all on behalf of Kean University.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays for the following relief:

1. $1,500,000 in compensatory and punitive damages.

2. Reimburse Plaintiff's cost of litigation from day one to the present.

Respectfully submitted,

*David V. Alston*

David V. Alston, Pro Se
11 Mt. Airy Rd., #5
Bernardsville, NJ 07924
(908) 502-5057

## STATEMENT OF VERIFICATION

I have read the above Complaint and it is correct to the best of my knowledge.

*David V. Alston*

## CERTIFICATION OF SERVICE

I certify that on June 1, 2022 I served a true and correct copy of the attached Complaint on the individual listed below by placing it in the United States mail, postage pre-paid.

Susan D. Wigenton
United States District Court
50 Walnut Street
Newark, NJ 07102

*David V. Alston*

David V. Alston
(908) 502-5057
11 Mt. Airy Rd., #5
Bernardsville, NJ 07924

8.