UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID V. ALSTON,

         Plaintiff,

v.

SUSAN D. WIGENTON,

         Defendant.

Civil Action No. 22-03064 (FLW)

**ORDER**

**THIS MATTER** having been opened to the Court by *pro se* Plaintiff David V. Alston ("Plaintiff") on an application to proceed without prepayment of fees or costs[1] and a Complaint against Defendant the Hon. Susan D. Wigenton, U.S.D.J. ("Judge Wigenton"), asserting what appears to be a cause of action under 42 U.S.C. § 1983 in connection with Judge Wigenton's ruling in *Alston v. Kean University, et al.*, Docket No. 13-309, dismissing Plaintiff's case with prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; it appearing that Plaintiff satisfies the requirements for *in forma pauperis* ("IFP") status; however, a complaint filed by a litigant proceeding *in forma pauperis* is subject to *sua sponte* dismissal by the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief; accordingly, the Court having reviewed the Complaint makes the following findings:

1. First, the Court notes that while determining the sufficiency of a *pro se* complaint, it must be mindful to construe it liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S.

---

[1] The Court notes that although Plaintiff's Complaint was filed on May 24, 2022, it was not accompanied by the filing fee or application to proceed *in forma pauperis*. (ECF No. 1.) One day later, the Court also received an inappropriate and confusing letter from Plaintiff stating that although "Judge Wigenton and I are black," "I do not want a black judge to preside over this case." (ECF No. 4.) Then, on May 27, 2022, the Court received Plaintiff's application to proceed *in forma pauperis*, which triggered the instant screening process pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 7.)

89, 93-94 (2007). However, the Court need not credit a *pro se* plaintiff's bald assertions or legal conclusions. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Indeed, the Supreme Court has held that factual allegations set forth in a complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put simply, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

2. While the Complaint is hardly a model of clarity and conciseness, it appears that in 2013, while a student at Kean University, Plaintiff was purportedly suspended for libel *per se*, which he attempted to challenge in district court. On June 4, 2013, however, Judge Wigenton dismissed Plaintiff's suit with prejudice as to Kean University and Dr. Philip H. Witt for, among other things, lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Alton v. Kean University, et al.*, ECF No. 26 ("June 4th Order"). Two days later, on June 6, 2013, the court also dismissed Plaintiff's claims against the only remaining defendant, Sara Blood, with prejudice, finding that the court lacked subject matter jurisdiction because no diversity of citizenship existed between Plaintiff and Blood.[2]

---

[2] On March 5, 2014, the court also *sua sponte* dismissed a separate complaint filed by Plaintiff, which seemingly related to the same factual circumstances against the same defendants. *See Alston v. Kean*

      Following those rulings, Plaintiff appealed and, while that appeal was pending, filed a motion to vacate the court's orders dated June 4, 2013; June 6, 2013; and March 5, 2014, pursuant to Fed. R. Civ. P. 60(b)(4). After the Third Circuit affirmed these rulings, the court denied Plaintiff's motion to vacate, noting that in addition to Plaintiff's case being closed, the "Orders Plaintiff now challenges have been affirmed on appeal by the Court of Appeals for the Third Circuit."

3. Here, Plaintiff appears to assert a claim against Judge Wigenton under section 1983 based on Judge Wigenton's denial of Plaintiff's motion to vacate filed in the *Alston v. Kean University* action. Specifically, Plaintiff appears to allege that Judge Wigenton's denial of his motion was improper because her actions were "outside of her judicial capacity," based on her prior dismissal of the *Alston v. Kean University* case with prejudice. Stated differently, Plaintiff claims that Judge Wigenton's dismissal of his case with prejudice for lack of subject matter jurisdiction divested the court of jurisdiction making her ruling on the motion to vacate "illegal" and "in clear absence of all jurisdiction against Supreme Court law."

4. Section 1983 provides a "civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Halsey v. Pfeiffer*, 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983). To state a claim under Section 1983, a plaintiff must show that "'some person has deprived him of a federal right ... [and] that the person who has deprived him of that right acted under color of state or territorial law.'" *Id.* (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (alteration in original)).

---

*University, et al.*, Docket No. 14-1338, ECF No. 2). Specifically, the court noted that Plaintiff's claims were previously addressed under *Alston v. Kean University, et al.*, Docket No. 13-309.

5. Notably, however, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Courts have therefore held that judges are not liable in civil actions, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 351. The doctrine of judicial immunity has been determined to be "applicable in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). *See also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). This immunity, however, is not indefinite. Instead, it is "justified and defined by the functions it protects and serves." *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity does not extend to actions not within the judge's official capacity, nor does it extend to actions taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). To determine whether an act is "judicial," the court looks to whether the act performed by the judge "is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Gallas*, 211 F.3d at 768–69 (quoting *Stump*, 435 U.S. at 362). In inquiring as to whether an act was performed in the absence of all jurisdiction, and therefore not subject to immunity, the court must distinguish those acts that were merely performed "in excess of jurisdiction," to which the immunity extends. *Id.* at 769.

6. Here, Plaintiff's allegations refer solely to Judge Wigenton's conduct while acting in her official capacity. Indeed, following Judge Wigenton's dismissal of Plaintiff's complaint, he appealed the ruling. While the Third Circuit affirmed Judge Wigenton's ruling on December 19, 2013, and therefore, his case remained closed, Plaintiff nonetheless filed a motion to vacate, application to file an amended complaint, and motion for recusal of Judge Wigenton. In denying Plaintiff's motion to vacate, Judge Wigenton simply found that Plaintiff's case was closed, and that the orders challenged by Plaintiff "have been affirmed on appeal by the Court of Appeals for the Third Circuit." *See Alton v. Kean University, et al.*, ECF No. 51. As such, Judge Wigenton found that "denial of Plaintiff's motion is appropriate." *Id.* To the extent that Plaintiff believed that Judge Wigenton's ruling on his motion to vacate was improper or wrong, his recourse was an appeal to the Third Circuit, which he filed. Specifically, on December 1, 2014, Plaintiff appealed Judge Wigenton's denial of his motion to vacate, and the Third Circuit affirmed that decision on June 16, 2015. *See Alston v. Kean University, et al.*, No. 13-309, ECF No. 60. Specifically, the Third Circuit found:

> Alston has failed to establish that the orders dismissing his civil rights actions were in any way void. Alston's Rule 60(b)(4) motions sought relief on the ground that the District Court acted in "excess of jurisdiction." For instance, Alston asserted that the dismissal of Kean University on immunity grounds "simply means lack of subject matter jurisdiction of [the District Court] to oversee the case." According to Alston, because the District Court lacked subject matter jurisdiction, its judgments were void. This argument should have been raised on appeal, and certainly does not establish that the District Court lacked jurisdiction over the civil rights actions such that the judgments rendered are void. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) (recognizing that "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction."); *cf. Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (holding that a district court's exercise of subject matter jurisdiction is res judicata and cannot be attacked through a Rule 60(b)(4) motion if the party alleging that the judgment is void had a previous opportunity challenge jurisdiction but

failed to do so). At bottom, Alston appears to contend that the District Court's judgments were incorrect. That allegation, however, is not sufficient for obtaining relief under Rule 60(b)(4). *See, e.g.*, *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (explaining that "[a] void judgment is a legal nullity," and that "[a] judgment is not void, for example, simply because it is or may have been erroneous." (internal quotation marks omitted)).

ECF No. 60. Accordingly,

**IT IS** on this 31st day of May, 2022,

**ORDERED** that Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 against the Hon. Susan D. Wigenton, U.S.D.J., are **DISMISSED WITH PREJUDICE**, because the Court finds the claims are barred by the principles of absolute judicial immunity; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

/s/ Freda L. Wolfson  
Hon. Freda L. Wolfson  
U.S. Chief District Judge